

NORTH CAROLINA

GUILFORD COUNTY

FILED

2018 JUN -5 P 4: 01

GUILFORD CO., C.S.C.

BY:_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS ____ 5269

DORIS ROBINSON, individually and on behalf
of those similarly situated,

Plaintiff,

v.

3RD GROUP PROPERTIES, LLC, a Georgia
limited liability company; AMERICAN
UTILITY MANAGEMENT, INC., d/b/a AUM,
INC., an ILLINOIS corporation; and
MADISON GREENSBORO, LLC, a Georgia
limited liability company.

Defendants.

**CLASS ACTION**
**COMPLAINT**
(JURY TRIAL DEMANDED)

Plaintiff, complaining of the Defendants, alleges and says:

<u>**PRELIMINARY STATEMENT**</u>

This class action arises from Defendants, individually and in combination, systematically

overcharging the Plaintiff and others in the class for their use of water and sewer utilities.

Defendants received inflated water and sewer utility usage payments and payments for illegal

administrative fees from the Plaintiff and the class. To perpetrate their scheme, the Defendants

represented to the Plaintiff and members of the class that they were entitled to charge the

Plaintiff and class members inflated amounts for water and sewer usage and illegal

administrative fees, and exerted unlawful pressure on the Plaintiff and the class to coerce

Plaintiff and the class to pay those inflated and illegal charges without meaningful opportunity to

question their validity. Plaintiff files this action individually and on behalf of those similarly

situated in order that the Plaintiff and other members of the class recover money unlawfully paid

to Defendants pursuant to their schemes as alleged herein, and other remedies as victims of the

Defendants' illegal acts, as provided by law.

## PARTIES

1.      The Plaintiff, Doris Robinson, is a citizen and resident of Guilford County, North Carolina and brings this action in her name and on behalf of those similarly situated.

2.      Defendant 3rd Group Properties, LLC ("3rd Group"), upon information and belief, is a limited liability company organized under the laws of the State of Georgia and is authorized to do business and at all times relevant hereto did business in, North Carolina, including Guilford County, North Carolina, and which has a principal office in Atlanta, Georgia.

3.      Defendant American Utility Management, Inc., sometimes doing business in North Carolina as AUM, Inc. ("AUM"), upon information and belief, is a corporation organized under the laws of the State of Illinois that is authorized to conduct business in North Carolina, including Guilford County, North Carolina, and which has a principal office in Lombard, Illinois.

4.      Defendant Madison Greensboro, LLC ("Madison Greensboro"), upon information and belief, is a limited liability company organized under the laws of the State of Georgia that regularly does business in, and at all times relevant hereto regularly did business in, North Carolina, including Guilford County, North Carolina, and which has a principal office in Atlanta, Georgia.

## DEFENDANTS' BUSINESSES

5.      Defendant AUM is in the business of metering and measuring utility, mostly water and sewer, usage by individual units in multi-unit complexes, subsequently calculating an amount due from each such unit for utility service, preparing invoices for each such individual unit for money owed for utility service, and mailing invoices to utility users indicating that said users owe money for utility use.

2

6.     Upon information and belief, AUM's clients are, among others, the owners or property managers of multi-unit residential real estate complexes.

7.     The invoices prepared by AUM are directed to residential utility users, and instruct the utility users to pay the invoiced amounts to a specified third party (hereinafter the "Utility Collector").

8.     Upon information and belief, for each property AUM serves, AUM's client at that property also acts as the Utility Collector for that property.

9.     The Utility Collector collects the invoiced amount from each utility user at its property.

10.     Upon information and belief, invoices that AUM prepares and delivers to utility service end-users include an amount billed for utility usage, plus an administrative fee (the "Administrative Fee") purportedly to compensate AUM for its services.

11.     Upon information and belief, the Utility Collector pays some or all of the Administrative Fee directly to AUM.

12.     Upon information and belief, at all times relevant to the matters described in this Complaint, Defendant Madison Greensboro and 3rd Group were in the business of leasing residential property to North Carolina individuals and families in multi-unit complexes.

13.     Upon information and belief, during times relevant hereto Defendant Madison Greensboro has acted as a Utility Collector for third parties including AUM.

14.     Upon information and belief, Defendant Madison Greensboro entered into an agreement with Defendant AUM whereby Defendant Madison Greensboro collected money due from its tenants in amounts established by AUM according to AUM's own metering and measurement of utility usage for each such user.

3

15. Upon information and belief, Defendants Madison Greensboro and 3rd Group do not independently meter or measure utility usage by persons from whom they collect money for utility usage.

16. The persons from whom Madison Greensboro collects money for utility usage are residential tenants in property owned by Madison Greensboro including but not limited to the Madison Woods apartments in Greensboro, Guilford County, North Carolina.

17. The utility users whose utility usage is metered, measured, and invoiced by AUM are residential tenants in property owned by Madison Greensboro.

18. Chapter 18 of the Rules promulgated by NCUC, titled "PROVISION OF WATER AND SEWER SERVICE BY LANDLORDS" (hereinafter "Chapter 18") by its terms "govern[s] charging for the costs of providing water or sewer utility service by a lessor to a lessee as authorized by G.S. 62-110(g)."

19. Pursuant NCUC Rule 18-1, a "Provider" is defined as "The lessor purchasing water or sewer utility service from a supplier and charging for the costs of providing the service or services to lessees. The provider shall be the owner of the residential premises served."

20. AUM, upon information and belief, is and was not the owner of residential premises, and accordingly at no time relevant hereto was a "Provider" of utility services as defined by Chapter 18 and was incapable of applying for, or being granted, a certificate of authority by the North Carolina Utilities Commission pursuant to N.C. Gen. Stat. sec. 62-110(g).

21. Upon information and belief, some time before March 20, 2015, Defendants Madison Greensboro, 3rd Group, and AUM entered into an agreement whereby AUM would charge Madison Greensboro's tenants for the purported cost of providing water and sewer services

4

to Madison Greensboro's lessees, including the Administrative Fee, and Madison Greensboro would collect AUM's charges from its tenants and thereafter pay the collected Administrative Fee, or a part of it, to AUM.

22.     Upon information and belief, at some time around Defendant Madison Greensboro and Defendant AUM's agreement, Madison Greensboro sought a certificate of authority from the North Carolina Utilities Commission.

23.     The statutes and rules governing landlord Utility Collectors in North Carolina allow a Utility Collector to collect administrative fees not exceeding $3.75 per tenant plus the tenant's equal share of any base charge from the utility.

24.     NCUC Rule 18-6(a), governing rates that a landlord can charge its tenants under Chapter 18, provides in relevant part:

> The rates shall equal the cost of purchased water or sewer service (The usage rate charged by the provider shall equal the usage rate charged by the supplier.). A Commission-approved administrative fee not to exceed $3.75 may be added to the cost of purchased water and sewer service to compensate the provider for meter reading, billing, and collection. A provider whose schedule of rates and fees does not include a separate base charge to the lessee may request approval of a pass through of the base charge from the supplier to be included in the administrative fee resulting in a request for approval by the provider of a total monthly administrative fee greater than $3.75. With the exception of base charges approved before August 1, 2004, all charges other than the administrative fee shall be based on lessees' metered consumption of water.

25.     Likewise, the form application for a certificate of authority that Defendant Madison Greensboro submitted to the NCUC (a true and correct copy of which is attached hereto as **Exhibit A**) stated: "(NOTE: NCUC Rule R18-6(a) specifies that no more than $3.75 may be added to the cost of purchased water and sewer service as an administrative fee to compensate the provider for meter reading, billing, and collection. *An additional administration fee amount may be requested to compensate the provider for administrative fees imposed by the supplier*)." (Emphasis added).

5

26.     Nevertheless, paperwork filed by Defendant Madison Greensboro in connection with its application to the NCUC indicated that Defendants would impose administrative charges in excess of amounts allowed under law. A letter dated March 1, 2015 submitted to NCUC in connection with its application for a certificate of authority stated, in relevant part, as follows:

> Per our submetering contract with AUM (American Utility Management), we would like to request approval to charge our residents $3.75 for all AUM's and Madison Wood's services. Since we will be collecting payment from each resident at the property, we would like to request the additional cost above the cost of AUM's fees. This additional expense per bill will cover our expenses including:
>
> • Generating and distributing notices to delinquent residents
>
> • Answering resident questions regarding AUM billing program, current charges and outstanding balances (including final bills upon resident move out)

27.     The NCUC, on or about April 6, 2015, approved Defendant Madison Greensboro's application for a certificate of authority. The NCUC's order, a true and correct copy of which is attached hereto as **Exhibit B**, also approved administrative charges of $14.77 per tenant, based on NCUC's misapprehension that Madison Greensboro's request for additional administrative charges complied with applicable law and that $11.02 represented only the per-tenant pass-through charge from the City of Greensboro for water and sewer service. The Order approved an administrative fee of "$14.77 (consisting of $3.75 for the Applicant's meter reading, billing, and collecting costs plus a pass through of Greensboro's $11.02 base charge for water and sewer service)."

28.     After Defendant Madison Greensboro and Defendant AUM's March 20, 2015, agreement, Madison Greensboro updated Plaintiff's residential lease to include a purported obligation to pay all water and sewer bills received from Madison Greensboro "or from Our [sic] billing agent" to Madison Woods Apartments in addition to "Total Monthly Rent[,]" and which

6

provided that Madison Greensboro or its agent would not use a tenant's failure to pay sub-metered water and sewer charges as a basis for terminating such tenant's lease or right of possession of the leased premises. The updated Lease signed by Plaintiff is attached hereto as **Exhibit C**.

29.     Plaintiff's updated lease agreement is, upon information and belief, substantively similar to and typical of the agreements that the putative class members signed in this time frame.

30.     By notice dated July 8, 2015, 3rd Group issued a notice to residential tenants of Madison Greensboro (the "Billing Practices Notice", attached hereto as **Exhibit D**), indicating that:

    a.   "[E]ach resident will be responsible for paying their own water bill";

    b.   "The water is billed through a company called AUM, not Madison Woods apartments";

    c.   "Your water bill can be paid to our office and needs to be paid with your rent each month";

    d.   "Rent will not be accepted if it does not include the full amount of your water bill";

    e.   "Even though Madison Woods can accept water bill payments, we cannot change, correct, or analyze any water bills that may seem incorrect to the resident"; and

    f.   "All billing questions should be directed to AUM" at the phone number for AUM given in the Billing Practices Notice.

31.     After Defendant Madison Greensboro and Defendant AUM's March 20, 2015, agreement, Plaintiff, and upon information and belief, other Madison Greensboro residential tenants who failed to pay AUM invoices for water and sewer within the time frames demanded by Defendants, received a "Small Balance Due Notice" indicating that money was still owed to Madison Greensboro or to 3rd Group. An example of such a notice is attached hereto as **Exhibit**

**E.**

32.     After Defendants Madison Greensboro and AUM entered into their March 20, 2015 agreement, Madison Greensboro and 3rd Group, as they had threatened in their Billing Practices Notice, refused to accept monthly rent payments from their residential tenants if those payments did not include the full amount of AUM invoices for water and sewer service, which invoices included the unlawfully excessive Administrative Fee.

33.     After Defendant Madison Greensboro and Defendant AUM's March 20, 2015, agreement, Defendant Madison Woods and 3rd Group threatened and in fact prosecuted eviction of residential tenants based on a tenant's failure to pay AUM invoices for water and sewer service, which invoices included the Administrative Fee.

34.     Defendant Madison Greensboro and 3rd Group issued the Billing Practices Notice and threatened to prosecute (and, in fact, did prosecute) evictions for non-payment of AUM invoices, upon information and belief, at all times relevant hereto.

35.     AUM charged residential tenants for utility service and related administrative fees, including the Administrative Fee, and Defendants Madison Greensboro and 3rd Group collected AUM's charges from residential tenants occupying leased residential premises in North Carolina.

36.     It is Defendants' practice to attempt to secure AUM's utility charges and the unlawfully excessive Administrative Fee by refusing to accept rent from tenants who do not timely pay them, under threat of eviction.

37.     The amount AUM charges to residential tenants of Madison Greensboro for the use of water and sewer utility services, and correspondingly the amount Madison Greensboro collects from the tenants for AUM, is, upon information and belief, in the aggregate significantly more than the local government water and sewer provider typically charges for water and sewer utility

8

services.

38.     Defendant AUM's inflated invoices are typically sent to residential tenants each month, and are consistently much higher than the typical charges a water and sewer utility user in Greensboro pays to the local government utility provider.

39.     Defendant AUM claims that it has the right to charge residential tenants for water and sewer utility services, and the concomitant Administrative Fee, notwithstanding the fact that AUM is not a "Provider" under NCUC Chapter 18 and does not hold a certificate of authority to do so pursuant to N.C. Gen. Stat. § 62-110(g).

40.     As an entity without a certificate of authority to charge residential tenants for water and sewer utility services, and the concomitant Administrative Fee, AUM would only have the right to measure and meter water and sewer utility usage, yet it actually charges residential tenants for water and sewer utility use and an Administrative Fee.

41.     Plaintiff and members of the putative class have paid Defendants money in excess of lawful charges pursuant to Defendants' scheme.

### PLAINTIFF'S DEALINGS WITH DEFENDANTS

42.     On April 30, 2015, Plaintiff and Defendant Madison Greensboro entered into an new residential Lease agreement for Plaintiff's possession of the premises at 5521 Tomahawk Dr., Apt. G, Greensboro, NC 27410 (the "Leased Premises").

43.     The new Lease provided for "Total Monthly Rent" payable by Plaintiff to Defendant Madison Greensboro's agent Madison Woods Apartments in the amount of $759.00.

44.     The Lease agreement provided that Plaintiff was obliged to pay Madison Woods Apartments the amount of all water and sewer charges invoiced to her by Defendant Madison Greensboro or its "billing agent," in addition to and separate from the "Total Monthly Rent[,]" and

9

also provided that Madison Greensboro or its agent would not use Plaintiff's failure to pay these sub-metered water and sewer charges as a basis for terminating Plaintiff's Lease or right of possession of the leased premises.

45. Beginning in or around June, 2015, Plaintiff received several invoices from AUM for her purported water and sewer utility usage, the monthly totals of which were approximately three times the typical water and sewer charges a water and utility service user in Greensboro, NC would pay if paying directly to the local water and sewer utility provider.

46. In or around June of 2015, Plaintiff began questioning the amount she was being charged for her water and sewer utility service, and asked Madison Greensboro or its agent to produce to Plaintiff Madison Greensboro's records of her daily or monthly water and sewer utility usage upon which her water and sewer utility charges were based.

47. Upon information and belief, the charges that Plaintiff received from AUM were substantially higher than what would be expected for a single individual provided water and sewer services in the City of Greensboro.

48. Defendant Madison Greensboro or its agent responded to this request by the Plaintiff by responding that although said agent contacted AUM with the Plaintiff's request, "I am not knowledgeable about how AUM keeps their records. I will however forward any information to you that I am able to obtain[,]" as shown in the e-mail attached hereto as **Exhibit F**.

49. Defendant Madison Greensboro did not provide Plaintiff with records showing how Plaintiff's allocated costs were calculated for water and sewer services upon request, and upon information and belief did not maintain records for a minimum of 12 months that demonstrate how each of its' lessees' allocated costs were calculated for water and sewer services.

50. On or about July 8, 2015, Plaintiff received the Billing Practices Notice from

10

Madison Greensboro or its agent.

51.     On December 21, 2015, Plaintiff received the "Small Balance Due Notice" indicating that the Plaintiff owed Madison Greensboro or its agent $273.58. Because Plaintiff had timely paid "Total Monthly Rent" in the amount of $759.00 each month thereto, the amount demanded in the "Small Balance Due Notice" was comprised of disputed water and sewer utility charges and late fees attached thereto.

52.     On or around January 4, 2016, while continuing to question the amount Plaintiff was being charged for water and sewer utility service, Plaintiff tendered her monthly rent for the month of January, 2016, in the amount of $759.00, the Total Monthly Rent provided for in her Lease, without tendering payment for the charges invoiced to Plaintiff by AUM for purported water and utility service and administrative fees including the Administrative Fee ("Plaintiff's Rent Tender").

53.     Defendant Madison Greensboro refused Plaintiff's Rent Tender and returned her check to her because Plaintiff's Rent Tender did not include payment for the charges invoiced to Plaintiff by AUM for purported water and utility service and administrative fees including the Administrative Fee.

54.     After Plaintiff refused to pay the disputed utility charges, on or around January 21, 2016, 3rd Group and Madison Woods, consistent with their previous threats, filed a complaint in summary ejectment against Plaintiff based on failure to pay rent, seeking possession of the Leased Premises and seeking recovery of unpaid rent, late fees, attorneys' fees, filing fees, and $309.34 of "Utilities" (the "Robinson Summary Ejectment").

55.     Consistent with Defendants' threatened action, Defendants Madison Greensboro and 3rd Group prosecuted the Robinson Summary Ejectment to a hearing on February 10, 2016,

and despite Plaintiff Robinson's appearance and pro se arguments, Defendants Madison Greensboro and 3rd Group were awarded a judgment announced in open court for possession of the Leased Premises, terminating Plaintiff's possession thereof, and fees, courts costs, rent, and utility charges in the total amount of $1,547.01. A copy of the filed Judgment is attached as **Exhibit G**.

56.     Unable to further litigate the case, on February 10, 2016, Plaintiff Robinson submitted a cashier's check to Madison Woods for $1,547.01. Madison Woods then agreed to not seek a writ of possession.

57.     Defendants Madison Greensboro and 3rd Group were forbidden by the Lease with Plaintiff and by law from terminating Plaintiff's possession of the Leased Premises on the basis of Plaintiff's failure to pay water and sewer utility service charges and the Administrative Fee.

58.     The judgment for possession awarded to the plaintiff in the Robinson Summary Ejectment has been vacated by consent of the parties to the Robinson Summary Ejectment. The consent order vacating said judgment is attached hereto as **Exhibit H**.

59.     Plaintiff vacated the premises on or about May 26, 2016.

## CLASS ALLEGATIONS

60.     This is a class action brought pursuant to Rule 23 of the North Carolina Rules of Civil Procedure because questions of law and fact common to all members of the proposed class predominate over any questions affecting individual class members; because a class action lawsuit is superior to other available methods for fair and efficient adjudication of the controversy; and because final monetary relief is appropriate with respect to the class as a whole.

61.     The proposed class is defined as all individuals in North Carolina to whom American Utility Management delivered invoices purporting to charge North Carolina water and

12

sewer utility users for the costs of metered water and sewer services, and administrative fees, and all individuals from whom Madison Greensboro, 3ʳᵈ Group, or their affiliates, made efforts at collecting these invoiced amounts, in the four years before the filing of this action and up to and including the date of class certification.

62.    Plaintiff's counsel estimate that the proposed class numbers from Madison Woods alone totals at least several hundred.

63.    The questions of law and fact which are common to the class include whether the Defendants' actions:  constitute unfair and deceptive trade practices; are prohibited acts by a debt collector; constitute a civil conspiracy, constitute violations of and/or aiding and abetting of Madison Greensboro, LLC, 3ʳᵈ Group Properties, and American Utility Management's breach of duties of good faith and fair dealing, or are otherwise unlawful and void as against public policy.

64.    Plaintiff is typical of the class.  Defendants' practices pertinent to other action are, upon information and belief, substantively similar to those imposed on Plaintiff, class-wide.

65.    This matter is appropriately handled as a class action because of the legal, geographic, and chronological scope of Defendants' conduct.  If the class is not allowed to control this litigation, not only are the interests of the class members likely to be ignored, since their damages are relatively small in comparison to the cost of litigation and they are presently unaware of their legal rights, but the possibility of widely different legal results may occur.

66.    Plaintiff is an adequate representative of the class because of the nature of her factual claims.  Plaintiff is prepared to go forward with the litigation and act in the best interest of the class.  Similarly, Plaintiff's counsel is experienced in class action litigation and are willing to go forward and act in the best interest of the proposed class.

67.    Upon information and belief, no other litigation regarding Defendants' billing and

collection practices affecting North Carolina residents has been commenced against Defendants in North Carolina.

**FIRST CAUSE OF ACTION**
**UNFAIR OR DECEPTIVE TRADE PRACTICES**

68. All paragraphs of the complaint are incorporated herein by reference.

69. Defendants' actions described herein were in or affecting commerce.

70. Defendant AUM and 3rd Group committed an unfair or deceptive trade practice when it charged the Plaintiff and similarly situated North Carolina residential tenants for water and sewer utility usage, although AUM did not hold a certificate of authority to do so pursuant to N.C. Gen. Stat. sec. 62-110(g).

71. Defendants AUM, Madison Greensboro, and 3rd Group committed unfair or deceptive trade practices when it charged the Plaintiff and similarly situated North Carolina residential tenants for water and sewer utility usage substantially in excess of the amounts an ordinary North Carolina residential tenant would be charged if he or she were billed directly by the local water and sewer utility service provider and, upon information and belief, substantially in excess of the amount the NCUC authorized Madison Greensboro to charge its tenants.

72. Defendant Madison Greensboro and 3rd Group, upon information and belief, committed unfair or deceptive trade practices when they collected from the Plaintiff and similarly situated North Carolina residential tenants AUM's administrative charges for water and sewer utility usage substantially in excess of amounts permitted by applicable law.

73. Defendants Madison Greensboro and 3rd Group committed an unfair or deceptive trade practice when they failed or refused to keep and provide records to the Plaintiff and similarly situated North Carolina residential tenants showing how each such tenant's allocated costs were allocated for water and utility services.

14

74. Defendant Madison Greensboro and, upon information and belief, its affiliates, committed an unfair or deceptive trade practice when it failed and refused to address resident concerns regarding charges to residents for water and sewer utility service, although Madison Greensboro collected said charges from residents and did so under threat of eviction.Defendant Madison Greensboro and 3rd Group committed unfair or deceptive trade practices when it collected AUM's fee from the Plaintiff and similarly situated North Carolina residential tenants.

75. Defendant Madison Greensboro and, upon information and belief, its affiliates, committed unfair or deceptive trade practices when it used the certificate of authority it held pursuant to N.C. Gen. Stat. sec. 62-110(g) to collect AUM's fee for AUM from the Plaintiff and similarly situated North Carolina residential tenants.

76. Defendants Madison Greensboro and 3rd Group, and, upon information and belief, their affiliates, committed unfair or deceptive acts or practices when it threatened not to accept rent payments from the Plaintiff and similarly situated North Carolina residents if the tendered rent payments did not include payment for invoiced water and sewer utility service charges.

77. Defendants Madison Greensboro and 3rd Group committed an unfair or deceptive act or practice when they treated the above-described refused tender as a tenant's failure to pay rent.

78. Defendant AUM committed an unfair or deceptive act or practice when it represented to Plaintiff and similarly situated class members that AUM was entitled to charge the Plaintiff and said class members for their water and sewer utility usage and the additional unlawfully excessive Administrative Fee over and above those charges.

15

79. Defendants committed an unfair or deceptive act or practice when they inflated the charges to Plaintiff and other members of the class, and threatened Plaintiff and other members of the class not to accept their rental payments if they did not pay the inflated charges.

80. Defendant AUM failed to inform Plaintiff and members of the class that AUM was not entitled to charge the Plaintiff and class members for their water and sewer utility usage, and the additional unlawfully excessive Administrative Fee, and such failures of disclosure were deceptive.

81. Defendants knew or should have known that the scheme described herein was unlawful, but nevertheless subjected the Plaintiff and similarly situated class members to the unlawful and unconscionable billing and collection practices at issue herein, entered into agreements with and otherwise conspired with each other, and followed one or other Defendant's instructions so that the Defendants could be paid more than they would otherwise receive in connection with Plaintiff's and the class members' water and sewer utility service usage.

82. Defendants' actions described herein constitute unfair or deceptive acts or practices in or affecting commerce.

83. Defendants' actions described herein offend established public policy and are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

84. Defendants' practices are in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*, and Plaintiff and the class members have been damaged thereby.

85. Plaintiff's and the class members' damages were proximately caused by the Defendants' unfair or deceptive acts or practices.

16

86.     Defendants willfully engaged in the unfair or deceptive acts or practices alleged herein, and there is and was an unwarranted refusal by one or more of the Defendants to fully resolve the matter which constitutes the basis of this suit.

## SECOND CAUSE OF ACTION
## PROHIBITED ACTS BY DEBT COLLECTORS

87.     All paragraphs of the complaint are incorporated herein by reference.

88.     Plaintiff and class members are consumers as defined by N.C. Gen. Stat. § 75-50(1).

89.     AUM's charges to Plaintiff and class members are a debt as defined by N.C. Gen. Stat. § 75-50(2).

90.     Plaintiff and class members are consumers as defined by N.C. Gen. Stat. §75-50(1).

91.     Madison Greensboro or its affiliates is a debt collector as defined by N.C. Gen. Stat. § 75-50(3).

92.     Madison Greensboro's actions are unconscionable and violate various provision of the North Carolina Debt Collection Act including N.C. Gen. Stat. § 75-55(2), in that it repeatedly collected and attempted to collect from Plaintiff and class members charges, fees, and expenses incidental to the principal debt, including the Administrative Fee and AUM's Fee, when they were not legally entitled to such fees or charges.

93.     Defendants Madison Greensboro and 3rd Group violated N.C. Gen. Stat. § 75-51(8) by threatening to take any action not permitted by law, when Madison Greensboro and 3rd Group threated to refuse rents payments from its residential tenants if those payments did not include payment for water and sewer utility charges and used said refused rent payments as grounds for terminating its residential tenants' right to possession of their leased premises, and in other ways to be shown at trial.

17

94.     Defendants Madison Greensboro and 3rd Group violated N.C. Gen. Stat. § 75-51(6) by threatening to take any action not permitted by law, when Madison Greensboro threatened to refuse rents payments from its residential tenants if those payments did not include payment for water and sewer utility charges and used said refused rent payments as grounds for terminating its residential tenants' right to possession of their leased premises, and in other ways to be shown at trial.

95.     Defendants Madison Greensboro and 3rd Group violated N.C. Gen. Stat. § 75-54(2) by failing to disclose in all communications attempting to collect water and sewer utility charges that the purpose of such communication is to collect a debt.

96.     Defendants AUM, Madison Greensboro, and 3rd Group or its affiliates knew or should have known that the scheme described herein was unlawful, but nevertheless subjected Madison Greensboro's, or its affiliates', residential tenants to the unlawful and unconscionable collection and eviction practices at issue herein, entered into agreements with and otherwise conspired with AUM, and followed AUM's instructions so that the Defendants could be paid more than they would otherwise receive for Plaintiff's and the class members' water and sewer utility service usage.

97.     Defendants' actions entitle Plaintiff and class members to recover damages and civil penalties of no less than $500 for each violation, pursuant to N.C. Gen. Stat. § 75-56.

## THIRD CAUSE OF ACTION
## CIVIL CONSPIRACY

98.     All paragraphs of the complaint are incorporated herein by reference.

99.     Defendants Madison Greensboro and AUM came to an agreement to do an unlawful act or to do a lawful act in an unlawful way, resulting in injury to the Plaintiff and similarly situated class members, pursuant to a common scheme.

18

100.     Defendants Madison Greensboro and AUM came to said agreement some time before March 20, 2015, and reduced their agreement to a signed writing on or around March 20, 2015.

101.     By and through said agreements, Madison Greensboro and AUM combined to unlawfully do indirectly what AUM could not do directly, namely create an opportunity for AUM to overcharge North Carolina residential tenants for water and sewer utility usage and to procure some or all of the Administrative Fee and by charging said residential tenants for the same.

102.     By their March 20, 2015, agreement, Defendants AUM and Madison Greensboro agreed that Madison Greensboro would collect the debts billed by AUM to Plaintiff and the class members, without regard to the methods by which such debt collection occurred and without exclusion of the unlawful methods ultimately used by Madison Greensboro.

103.     Defendants Madison Greensboro and AUM came to an agreement to do the unlawful acts, or the lawful acts in unlawful ways, as those acts are alleged of the Defendants herein and in other ways to be shown at trial.

104.     Defendants committed overt acts in furtherance of the conspiracy when:

    a.     Madison Greensboro applied to the North Carolina Utilities Commission for a utility billing franchise as a lessor of residential real estate, pursuant to N.C. Gen. Stat. sec. 62-110(g), on March 10, 2015;

    b.     AUM sent invoices to Madison Greensboro's residential tenants, including Plaintiff, indicating charges by AUM for water and sewer utility service and for the Administrative Fee.

    c.     Madison Greensboro and 3rd Group represented that they would not accept rental payments from their residential tenants if those rental payments did not include

19

payment of AUM's billed charges for water and sewer utility service and Administrative Fee;

    d.  In other ways to be shown at trial.

105.    Defendants Madison Greensboro and AUM's agreement to do an unlawful act or to do a lawful act in an unlawful way was pursuant to a common scheme.

106.    Defendants Madison Greensboro and AUM's agreement to do an unlawful act or to do a lawful act in an unlawful way resulted in injury to the Plaintiff and similarly situated class members.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

107.    All paragraphs of the complaint are incorporated herein by reference.

108.    The Defendants have been unjustly enriched by their activities and are not entitled to retain the monies that they have unjustly collected from Plaintiff and class members.

## FIFTH CAUSE OF ACTION
## RESTITUTION

109.    All paragraphs of the complaint are incorporated herein by reference.

110.    Defendants have received money which belongs to Plaintiff and members of the proposed class and which in equity and good conscience Defendants ought to pay to Plaintiff and members of the proposed class, along with interest.

## SIXTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST

111.    All paragraphs of the complaint are incorporated herein by reference.

112.    A constructive trust should be imposed upon monies collected by Defendants from Plaintiff and members of the proposed class, and such amounts should be returned to Plaintiff and members of the proposed class, along with interest.

## SEVENTH CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/AIDING AND
## ABETTING BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

113.    All paragraphs of the complaint are incorporated herein by reference.

114.    One or more of the Defendants, at all times relevant hereto, combined to contract with the Plaintiff and class members to provide water to Madison Greensboro's, or its affiliates', residential tenants.

115.    Defendants owed a duty of good faith and fair dealing to those persons whom it charged for water and sewer utility usage, including but not limited to the Plaintiff and class members, and Defendant Madison Greensboro's, or its affiliates', residential tenants.

116.    Defendants violated their duty, aided and abetted breaches of that duty, exploited the members of the class, and knowingly exposed them to their unlawful charges and actions.

## EIGHTH CAUSE OF ACTION
## PUNITIVE DAMAGES

117.    All paragraphs of the complaint are incorporated herein by reference.

118.    The Defendants are liable for compensatory damages, as pleaded hereinabove.

119.    The Defendants' willful or wanton conduct was present and accompanied all of the Defendants' acts alleged herein, and their willful or wanton conduct was related to the injury for which Plaintiff and class members seek compensatory damages.

120.    Upon information and belief, the officers, directors, or managers of the Defendants participated in or condoned the Defendants' willful and wanton conduct.

**WHEREFORE**, Plaintiff, for herself and the class members, prays for the following relief, which includes claims for monetary relief in excess of $25,000.00, from Defendants, jointly and severally:

a.    That the Court order that this action shall proceed as a class action;

21

b. That Plaintiff and class members recover from Defendants amounts unlawfully charged and collected by Defendants;

c. That Plaintiff and class members who have been subjected to Defendant Madison Greensboro's, or its affiliates', unlawful debt collection practices shall have and recover no less than $500 for each such violation pursuant to N.C. Gen. Stat. § 75-56;

d. That all damages be trebled pursuant to N.C. Gen. Stat.§ 75-16.2;

e. That the Plaintiff and class members recover punitive damages as allowed by law;

f. That costs including Plaintiff's attorney's fees be taxed to Defendants;

g. That all class members recover prejudgment interest at the legal rate on compensatory damages;

h. That the Court grant a trial by jury on all issues of fact; and

i. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted, this the ___5___ day of June, 2018.

HIGGINS BENJAMIN, PLLC
301 North Elm Street, Ste. 800
Greensboro, NC 27401
Telephone: 336-273-1600
Facsimile: 336-274-4650
jbloss@greensborolaw.com
fberry@greensborolaw.com

John F. Bloss
N.C. State Bar No. 23947
Frederick L. Berry
N. C. State Bar No. 9696

THE LAW OFFICES OF CHARLES WINFREE
100 S. Elm St., Ste. 430
Greensboro, NC 27401
Telephone: 336-273-8998
Facsimile: 336-272-3065
chwinfree@adamswinfreelaw.com
rjaouhari@adamswinfreelaw.com

Charles H. Winfree
N.C. State Bar No. 16895
R. Robert El-Jaouhari
N.C. State Bar No. 49184

*Attorneys for Plaintiff*

22