IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DORIS ROBINSON, individually and on behalf of those similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 1:18-cv-00646 |
| 3RD GROUP PROPERTIES, LLC, a Georgia limited liability company; AMERICAN UTILITY MANAGEMENT, INC., d/b/a AUM, INC., an ILLINOIS corporation; and MADISON GREENSBORO, LLC, a Georgia limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

This matter is before the court on the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 42). For the reasons set forth below, the court GRANTS the motion.

Plaintiff Doris Robinson, on behalf of herself and the Settlement Class, and Defendants American Utility Management, Inc., Madison Greensboro, LLC ("Madison GSO"), and 3rd Group Properties, LLC ("3rd Group"), (collectively, the "Parties"), executed a Settlement Agreement (the "Agreement") on or about December 20, 2019. Pursuant to that Agreement, Plaintiff has moved for entry of an Order granting preliminary approval to the

settlement provided for in the Agreement (the "Settlement"). All terms in this Order (*i.e.*, all capitalized words or phrases) shall have the same definitions and meanings ascribed to them in the Parties' Agreement.

This court has jurisdiction over the subject matter of this Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). This court also has jurisdiction over all parties to this action, including all members of the Settlement Class, as defined below.

Having reviewed the Agreement and considered the submissions in support of preliminary approval of the Settlement, the court now FINDS AND CONCLUDES AS FOLLOWS:

## I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

The Agreement settles all claims of the Plaintiff and the Final Settlement Class Members (collectively, the "Settlement Class") relating to Defendants' alleged conduct, omissions, or duties relating to, based upon, resulting from, or arising directly or indirectly out of the allegations in the Action (the "Released Claims"). The Agreement provides for a class-wide settlement of the Released Claims.

A. The court has considered (1) the allegations, information, arguments, and authorities provided by the Parties in connection with pleadings and motions previously filed by both Plaintiff and Defendants in this action; (2) the information,

2

arguments, and authorities submitted in support of the motion for entry of an Order granting preliminary approval of the Settlement; (3) Defendants' conditional withdrawal, for purposes of the Settlement only, of any objections to certification of the Settlement Class specified in the Agreement; (4) the terms of the Agreement including but not limited to the benefits to be provided to the Settlement Class; and (5) the Settlement's elimination of any potential manageability issues, ascertainability issues, and individualized issues of fact and law that could have had a bearing on the certification of a class for trial. Based on those considerations, the court finds that certification of the Settlement Class under Federal Rule of Civil Procedure 23 is appropriate because the Settlement Class is so numerous that joinder would be impracticable; this action presents common issues of law and fact that predominate over any individual questions; the named Plaintiff and her counsel are adequate representatives of the Settlement Class; Plaintiff's claims are typical of the claims of the members of the Settlement Class; and the proposed Class Settlement is superior to other available methods for the fair and efficient adjudication of this controversy. For the purpose of determining whether the terms of the Settlement are fair, reasonable, and adequate, the court conditionally certifies the following Settlement Class for settlement purposes only:

> All persons who were addressees of one or more invoices sent by or on behalf of 3RD GROUP PROPERTIES, LLC, AMERICAN UTILITY MANAGEMENT, INC., d/b/a AUM, INC., MADISON GREENSBORO, LLC, Madison Woods, LLC, RealPage, or any of them for water and sewer services provided to a Madison Woods unit during the Settlement Class Period of May 1, 2015, to May 31, 2018 (the "Settlement Class").

B.   The court appoints the Plaintiff as the Class Representative of the Settlement Class.  The court appoints Frederick L. Berry and John F. Bloss of the law firm Higgins Benjamin, PLLC, and Charles H. Winfree and R. Robert El-Jaouhari of The Law Offices of Charles Winfree as lead class counsel for the Settlement Class.

C.   The court appoints Class-Settlement.com of Hicksville, New York, as the Settlement Administrator.  By accepting this appointment, the Settlement Administrator has agreed to be subject to this court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

D.   If the court does not enter the Final Judgment approving the Settlement attached as Exhibit 1 to the Settlement Agreement without modification, other than a modification that is approved in writing by all parties, or if the Final Judgment is reversed in whole or in part on appeal, certification of the Settlement Class will be vacated and the parties will be returned to their positions *status quo ante* with respect to the action as if the parties had not entered into the Settlement.  In the event that the Settlement

4

Case 1:18-cv-00646-TDS-JLW   Document 46   Filed 01/08/20   Page 4 of 15

does not become effective for any reason, (a) any court order preliminarily or finally approving the certification of any class contemplated by the Settlement and any other orders entered pursuant to the Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion or for any other purpose; (b) the Settlement Agreement will become null and void and the fact of the Settlement, that Defendants did not oppose the certification of a Settlement Class, or that the court preliminarily approved the certification of a Settlement Class, shall not be used or cited thereafter by any person or entity for any purpose, including in any contested proceeding relating to the certification of any class; and (c) the release of claims set forth in Section 1.38 of the Settlement Agreement shall be rescinded.

E. All materials and information provided by Defendants to Settlement Class Counsel or the Settlement Administrator with respect to the members of the Settlement Class may be used only for purposes of providing the Notice to Settlement Class Members or administering the Settlement and for no other purpose whatsoever.

F. Defendants have at all times denied, and continue to deny, all wrongful acts alleged by Plaintiff in this action and any liability of any sort to Plaintiff or any member of the

5

Settlement Class.  Nothing contained in the Agreement, in the documents relating to the Agreement, or in this Order shall be construed, deemed, or offered as an admission by any of the parties, or by any member of the Settlement Class, for any purposes in any judicial or administrative action or proceeding, whether in law or in equity.

**II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT.**

A.  The parties have been represented by skilled counsel with substantial experience in complex class action litigation. Defendants have at all times disputed, and continue to dispute, Plaintiff's allegations in this action.  Defendants deny any liability for any of the claims that have been or could have been alleged by Plaintiff or members of the Settlement Class, and maintain that their billing and collection practices did not violate any provision of law.  Absent a voluntary settlement such as that presented to this court by the Parties, this litigation could take substantial additional time and resources to resolve. Having considered the terms of the Settlement Agreement in light of (1) the issues presented by the pleadings; (2) the record in this case; (3) the complexity of the proceedings; (4) the defenses and arguments asserted by Defendants; (5) the risks to the members of the Settlement Class that Defendants would successfully defend against claims arising out of the facts and legal theories pleaded and asserted in this case, whether litigated by members of the

6

Settlement Class themselves or on their behalf in a class action; and (6) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and/or appeals, the Settlement appears fair, reasonable, and adequate. Moreover, the parties have reached the settlement after more than a year of litigation and having engaged in arms-length settlement negotiations with the assistance of a mediator. For all of these reasons, the Settlement falls within the appropriate range of possible approval and does not in any way appear to be the product of collusion.

B. Accordingly, based on the court's review of the Settlement Agreement, the Motion for Preliminary Approval (Doc. 42), the supporting brief (Doc. 43), declarations, argument of counsel, and the entire record, the court finds that the settlement is fair, reasonable and adequate. The Settlement Class Representatives' motion to preliminarily approve the Settlement and certify the Settlement Class (Doc. 42) is GRANTED.

### III. APPROVAL OF THE MAILED NOTICE, THE WEBSITE NOTICE, THE PUBLICATION NOTICE, AND THE PLAN FOR DISTRIBUTION AND DISSEMINATION OF THE SETTLEMENT NOTICE DOCUMENTS.

A. The Plaintiff has submitted: (1) a plan for providing Notice to the Settlement Class; (2) a proposed short-form settlement Notice that will be mailed to Settlement Class members (the "Mailed Notice"), a copy of which is attached to the Agreement

7

as Exhibit 2 (Doc. 42-3); and (3) a proposed long-form settlement notice (the "Website Notice"), which will be published on the settlement website, a copy of which is attached to the Agreement as Exhibit 4 (Doc. 42-4).

  B. The proposed plan for distributing and publishing the Mailed Notice, the Website Notice, and the Settlement website appear reasonably likely to notify members of the Settlement Class of the Settlement, and there appears to be no additional mode of distribution that would be reasonably likely to notify additional members of the Settlement Class who will not receive notice pursuant to the proposed distribution plans. The proposed plan also satisfies the notice requirements of Federal Rule of Civil Procedure 23(c)(2)(B) as the "best notice that is practicable under the circumstances," as well as the requirements of due process, and as such is hereby deemed sufficient notice to all members of the Settlement Class.

  C. The Mailed Notice, Website Notice, and Settlement website will fairly, accurately, and reasonably inform members of the Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate instructions on how to obtain additional information regarding this matter and the Settlement Agreement; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so.

The Settlement notices and Settlement website will also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and deadlines for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or otherwise to contest certification of the Settlement Class or approval of the Settlement, or to appeal from any order or judgment entered by the court in connection with the Settlement.

D. The court, having reviewed the proposed Mailed Notice, the proposed Website Notice, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies the requirements of Rule 23, due process and other applicable law. Accordingly, the court ORDERS as follows;

1. The form and content of the proposed Mailed Notice and Website Notice are approved.

2. As soon as practicable, but no later than five (5) business days following the entry of this Preliminary Approval Order, Madison GSO will provide to the Settlement Administrator, in an electronically searchable and readable format, a Notice Database that shall include a list in Excel spreadsheet format of the names, the last known mailing addresses and, where known by Madison GSO or 3rd Group, email addresses of all Settlement Class

Members; identification of each Settlement Class Member's respective Madison Woods unit number(s) during the Class Period; and the total number of months of each such Settlement Class Member's occupancy at Madison Woods during the Class Period. Thereafter, within forty-five (45) days after entry of this Order, the Settlement Administrator shall mail by first class mail the Mailed Notice to each Settlement Class Member for whom it has a postal mailing address. Additionally, the Settlement Administrator shall check each such address against the United States Post Office National Change of Address Database before the initial mailing. The Settlement Administrator may also conduct a reasonable search to locate an updated address for any Settlement Class Member whose Settlement Notice is returned undeliverable. Thereafter, the Settlement Administrator shall update its address listings based upon any forwarding information received from the United States Post Office and any requests received from Settlement Class Members. The Settlement Administrator shall then promptly re-mail the Mailed Notice by first class mail to any such persons. Non-substantive changes may be made to the Notice documents by agreement of the parties without further order of this court. The Settlement Administrator shall file with the court, and serve upon the parties' counsel, a declaration containing a sworn verification of such mailings, no later than fourteen (14) days before the Fairness Hearing.

3. Before mailing the Mailed Notices, the Settlement Administrator shall also create and maintain a Settlement website on the Internet relating to this action, with such website containing links to the Second Amended Complaint in this action, the Settlement Agreement, the Website Notice, and the Mailed Notice, along with any other information the Parties by mutual agreement may deem appropriate. Such website shall remain "active" so long as is necessary to accomplish the objectives of this Settlement.

4. At approximately the same time as the Settlement Administrator mails the Mailed Notices, the Settlement Administrator shall establish a toll-free telephone number for receiving toll-free calls related to the Settlement.

**IV. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT.**

A. The court will hold a Fairness Hearing on August 21, 2020, at 10:00 a.m., to hear any objections to the Settlement and determine (a) whether the proposed Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate and should be approved by the court; (2) whether the notice provided to the Settlement Class Members fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process; (3) whether the Final Judgment should be entered approving the Settlement and dismissing the Action, on the merits and with prejudice; (4) whether the release of claims, as set forth in the

11

Settlement Agreement, should be approved; (5) the amount of attorneys' fees and expenses reasonably incurred in prosecution of the litigation to be paid to Settlement Class Counsel; (6) the amount of the service payments to be paid to the Settlement Class Representative; and (7) such other matters as the court may deem appropriate. The Plaintiff shall file her motion for final approval of the Settlement and any briefs in support of such motions no later than 30 days before the Fairness Hearing.

B.   Members of the Settlement Class who wish to opt out and be excluded from the Settlement must mail their requests for exclusion, as directed in the Notices, to the Settlement Administrator by first-class United States mail, postmarked by the United States Postal Service no later than 90 days after entry of this Order.

C.   Any interested person who has neither opted out of the Settlement Class nor been deemed to have opted out of the Settlement Class may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement unless that person has (i) filed with the court a written objection and any supporting papers or briefs on or before the date established in paragraph IV(K) hereof, (ii) stated in the objection that he or she intends

12

to appear at the Fairness Hearing, either in person or through counsel, and (iii) served, so that they are postmarked no later than the last date for filing established in paragraph IV(K) hereof, copies of such papers on counsel at the following addresses:

**To Counsel for Plaintiff:**

John F. Bloss, Esq.
Higgins Benjamin, PLLC
301 North Elm Street, Suite 800
Greensboro, NC 27420-0570

**To Counsel for AUM:**

Josh Dixon, Esq.
Gordon & Rees.
40 Calhoun Street.
Charleston, SC 29401

**To Counsel for Madison GSO / 3rd Group:**

B. Alexander Correll, Jr.
CAUDLE & SPEARS, P.A.
121 W. Trade Street, Suite 2600
Charlotte, NC 28202

All properly submitted Objections shall be considered by the court. Any Settlement Class Member who does not submit an Objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy or reasonableness of the Settlement, and to any attorneys' fees and reimbursements approved by the court.

    D.    Settlement Class Counsel's request for approval of attorneys' fees, costs, and reimbursement of expenses shall be filed on or before the date established in paragraph IV(K) hereof.

13

E. All memoranda, declarations, and other evidence in support of the request for Final Approval shall be filed on or before the date established in paragraph IV(K) hereof.

F. All proceedings in this Action other than such as may be necessary to carry out the terms and conditions of this Order or the responsibilities incidental thereto are stayed and suspended as between the Settlement Class Representatives and Defendants until further order of the court.

G. The court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed Settlement and request for approval of attorneys' fees and expenses at or after the originally scheduled Fairness Hearing.

H. The court retains exclusive jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement.

I. Pursuant to this Order, the schedule for dissemination of Notice, requesting exclusion from or objecting to the proposed Settlement, briefing, and the Fairness Hearing, is as follows:

| | |
|---|---|
| Deadline for mailing Notice | February 21, 2020 |
| Deadline for Settlement Class Members to opt out | May 21, 2020 |
| Deadline for filing Class Counsel's Fee Brief | June 11, 2020 |

14

| | |
|---|---|
| Deadline for objections to proposed Settlement | June 26, 2020 |
| Deadline for filing Brief in Support of Final Approval | July 24, 2020 |
| Deadline for filing responses to objections to proposed Settlement | July 24, 2020 |
| Fairness Hearing | August 21, 2020 at 10:00 a.m. |

IT IS SO ORDERED.

                                                   /s/   Thomas D. Schroeder
                                              United States District Judge

January 8, 2020