IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DORIS ROBINSON, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>3RD GROUP PROPERTIES, LLC, a Georgia limited liability company; AMERICAN UTILITY MANAGEMENT, INC., d/b/a AUM, INC., an ILLINOIS corporation; and MADISON GREENSBORO, LLC, a Georgia limited liability company,<br><br>Defendants. | 1:18-cv-00646 |

**ORDER AND FINAL JUDGMENT**

This case came on for a Fairness Hearing on August 21, 2020, for final approval of the Settlement Agreement executed on or about December 20, 2019 (Doc. 44) and Addendum thereto (Doc. 48-1) (the "Settlement Agreement") among Plaintiff Doris Robinson (the "Settlement Class Representative"), on behalf of herself and the Settlement Class Members, and Defendants 3rd Group Properties, LLC, American Utility Management, Inc., d/b/a/ AUM, Inc., and Madison Greensboro, LLC (collectively, the "Parties") to determine whether it represents a fair, reasonable, and adequate compromise of the action, and the amount to be paid to Settlement Class Counsel as fees and litigation costs for prosecuting the Action.

Having considered the evidence and argument submitted by the Parties, and for good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This court has jurisdiction over the subject matter of this Action, the Settlement Class Representative, the Settlement Class (defined below), and Defendants. Final approval of the settlement, and the request for entry of a final judgment and order of dismissal, is hereby GRANTED. The court finds that the Settlement Agreement is the product of good faith, arm's-length negotiations by the Parties, all of whom were represented by experienced counsel.

The court finds that the class proposed for purposes of the settlement meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), and hereby certifies a settlement class in the Action as follows:

> All persons who were addressees of one or more invoices sent by or on behalf of 3RD GROUP PROPERTIES, LLC, AMERICAN UTILITY MANAGEMENT, INC., d/b/a AUM, INC., MADISON GREENSBORO, LLC, Madison Woods, LLC, RealPage, Inc., or any of them for water and sewer services provided to a Madison Woods unit during the Settlement Class Period of May 1, 2015 to June 30, 2018, inclusive.

2

This court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Settlement Class Members would also face the challenge of obtaining class certification and surviving an appeal of any class certification order and any other rulings rendered during trial. Settlement Class Counsel has reviewed the Settlement Agreement and finds it to be in the best interests of the Settlement Class Members. For all of these reasons, the court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the significant expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

The court hereby finds and concludes that the notice provided to the appropriate State and Federal officials pursuant to 28

U.S.C. § 1715 fully satisfied the requirements of that statute.

There have been no reported objections to the Settlement Agreement, the Service Payment to the Settlement Class Representative, or Settlement Class Counsel's request for attorneys' fees, costs, and expenses. (Doc. 53 at 21-22.)

The court finds that the Notice provided for in the Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") has been provided to the Settlement Class, and that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation and of all material elements of the proposed settlement, including but not limited to the following: the relief afforded the Settlement Class under the Settlement Agreement; the *res judicata* effect on members of the Settlement Class and their opportunity to object to, comment on, or opt-out of, the Settlement; the identity of Settlement Class Counsel and information necessary to contact Settlement Class Counsel; and the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the court determines that all

4

Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

This Action is DISMISSED WITH PREJUDICE, and without costs to any party, except as provided for in the Settlement Agreement and in this Final Judgment.

Settlement Class Counsel request a total award of $128,333.33 for attorney's fees and expenses, equal to one-third of the settlement fund. (Doc. 52 at 1.) They also seek reimbursement of claims administration expenses totaling $3,875 and a payment of a service award of $10,000 to the class representative. (Id.)

Under Federal Rule of Civil Procedure 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fees generally are considered as a percentage of the recovery, or based on a "lodestar" method, which multiplies the number of hours worked by the hourly rate of similarly-experienced counsel in the area. See Deloach v. Philip Morris Cos., No. 1:00CV01235, 2003 WL 23094907, at *3 (M.D.N.C. Dec. 19, 2003). Settlement Class Counsel argue the former here -- that a fee equivalent to one-third of the settlement fund is fair and reasonable. (Doc. 53 at 11-12.) In assessing an agreed-upon fee, the court is not bound by the Parties' agreement. Strong v. BellSouth Telecomms., Inc., 137 F.3d 844, 849 (5th Cir. 1998). Rather, the court should carefully review the application for reasonableness to ensure that counsel

5

has not exploited the class action vehicle for their benefit. Id.; In re High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 228 (5th Cir. 2008).

Plaintiff urges that an attorneys' fees award of one-third of the common fund is commonplace for settlements such as this and cite to multiple district court cases within this circuit, including here in the Middle District of North Carolina, in support.

In this circuit, a court assessing a class action settlement is obliged to assess and approve an award of attorneys' fees and expenses to counsel that is fair and reasonable. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). What constitutes a fair and reasonable amount is within the discretion of the court to determine. Id. In making this determination as to attorneys' fees, the Fourth Circuit considers twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the

6

experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 226 n.28. The court will address each factor in turn.

### 1. Time and Labor Expended

Settlement Class Counsel represent they incurred a total of 610.4 hours of attorney time through June 5, 2020. Their requested attorneys' fee equates to an hourly rate of $208. They have provided affidavits from the partners and associates who have worked on the case and have attested to both the amount of time spent on the case and their respective hourly rates. (Docs. 52-1, 52-2, 52-3.) Charles Winfree has provided a timesheet containing a description of the amount and type of work performed in this suit. (Doc. 52-3.) His timesheet reflects that, in total, his firm has expended 374.39 hours on this matter, amounting to $66,376.90 in legal fees. (Doc. 52-3 at 18.) He also notes that his firm has expensed $3,026.50 in out of pocket costs, for a total of $69,403.40 in fees and costs. (Id. at 19.) John F. Bloss has filed a declaration containing timesheets from his firm as well, which reflects that his firm has expended a total of 236.1 hours on this matter, amounting to $82,635 in legal fees. (Doc. 63 at

7

20.) The timesheet also notes that his firm has expensed $2,199.69 in expenses, for a total of $83,950.69 in fees and costs. (Id. at 21.) Thus, on an hourly basis at their ordinary hourly rates, Settlement Class Counsel have invested $218,775 in legal fees. The requested total fee award in this case, however, based on a contingency fee basis, is $128,888. This represents a reduction of 42 percent from what Settlement Class Counsel would otherwise have charged at their ordinary rates. Moreover, as Settlement Class Counsel acknowledged at the hearing, these actual fees incurred do not include work by Settlement Class Counsel after June 5, 2022.

2. **Novelty and Difficulty of the Issues**

Settlement Class Counsel notes that this lawsuit involved novel legal theories under North Carolina law. Similar class actions do not appear to have been brought in the state. The court notes that Class Counsel's investigation uncovered additional claims as a result of their research -- claims which would not have been apparent without further digging.

3. **Requisite Skill to Perform Legal Services**

Given the nature of the legal issues presented, this case required reasonably skilled counsel with experience in this area of law in order to return the results obtained.

4. **Opportunity Cost for Attorneys in Pressing Litigation**

Settlement Class Counsel represent that the 610.4 hours

8

worked on this case necessarily precluded their ability to work on other cases, given that this case was given priority over other less risky or non-contingent opportunities.

**5. Customary Fee for Like Work**

Settlement Class Counsel argues that an hourly rate of $350 for partners involved in this matter would be modest when compared to the usual fees for non-contingent legal services charged by lawyers of similar experience in the state. In support of their assertion, they have attached affidavits of two attorneys, Paul Coates and Alex Barret (Docs. 52-4, 52-5), in which both attorneys state that, in their experience, a rate of at least $350 per hour is reasonable for complex civil litigation in this district. They further add that when counsel's compensation is contingent on obtaining a successful outcome, compensation ought to be higher than a normal hourly rate.

**6. Attorneys' Expectations at Outset of Litigation**

Given the novelty of the legal issues in this case, Settlement Class Counsel faced serious uncertainty about the outcome of this case. Thus, Plaintiff and her counsel faced a real risk of minimal or no recovery.

**7. Time Limitations**

Settlement Class Counsel emphasizes that Plaintiff's claims required a concentrated effort on preparing a large number of documents associated with the settlement, as well as the need to

9

coordinate with the claims administrator in this case.

### 8. Amount in Controversy and Results Obtained

The Supreme Court has stated that the degree of success obtained is the most important factor in determining the reasonableness of a fee. Farrar v. Hobby, 506 U.S. 103, 114 (1992). As such, this factor is particularly critical. Settlement Class Counsel highlights the fact that, due to the novelty of the issues in this suit, if not for their work, the class members would have received no result whatsoever. Settlement Class Counsel further points out that no Class Member opted out of the action before the deadline and no one has objected to the proposed settlement, strongly suggesting that counsel has achieved a strong result. Indeed, the court agrees that the result is significant, as Class Members will receive approximately $35.26/month for overcharged water bills whereas the average water bill was $39.90/month. The court finds that this factor weighs in favor of Class Counsel.

### 9. Experience, Reputation, and Ability of the Attorneys

Settlement Class Counsel provide a list of each attorney's respective record as lead or co-lead counsel on numerous successful class actions. (Doc. 53 at 22-24.) After a review of these cases, the court finds that counsel enjoy a reputation for experience in cases such as this.

10

**10. Undesirability of the Case Within Legal Community**

Although Settlement Class Counsel do not argue that this case was undesirable in the legal community, they do note that in a case such as this one, where there is a significant time commitment required and a real risk of no recovery, this factor should slightly support approval of the settlement and request fees.

**11. Nature and Length of Professional Relationship between Attorney and Client**

Settlement Class Counsel note that no regular professional relationship exists between the class representative and counsel outside of this case.

**12. Fee Awards in Similar Cases**

Settlement Class Counsel cite to other cases from this circuit in which the court granted an award of attorneys' fees of one-third of the common fund. Indeed, an award within this range for work performed in the creation of a settlement fund has been held to be reasonable by many federal courts. See, e.g., In re Newbridge Networks Sec. Litig., No. Civ. A. 94–1678, 1998 WL 765724, at *3 (D.D.C. Oct. 23, 1988) (awarding 30 percent of settlement fund plus $150,864.82 in expenses); Cullen v. Whitman Medical Corp., 197 F.R.D. 136, 150 (E.D. Pa. 2000) ("[T]he award of one-third of the [settlement] fund for attorneys' fees is consistent with fee awards in a number of recent decisions within this district."); In re Crazy Eddie Sec. Litig., 824 F. Supp. 320,

11

327 (E.D.N.Y. 1993) (awarding approximately 33.8 percent from $42 million settlement fund plus $2 million in expenses); In re Bioscience Sec. Litig., 155 F.R.D. 116, 117 (E.D. Pa. 1994) (awarding 30 percent fee award from 5.2 million settlement fund). Thus, the court finds that the requested percentage award in this case of one-third of the common fund is reasonable.

Having reviewed the submissions of Settlement Class Counsel, the court finds that the sum of $128,333.33 is reasonable compensation for Settlement Class Counsel's attorneys' fees and expenses, and the $3,875.00 advanced to the Claims Administrator by Settlement Class Counsel is reasonable compensation for the Claim Administrator's services. The Settlement Administrator is directed to pay these sums to Settlement Class Counsel from the Settlement Payment within ten (10) business days of its receipt of the Settlement Consideration.

Settlement Class Counsel shall, within thirty (30) days of the Effective Date, remit to the Settlement Administrator the Settlement Consideration. The Settlement Administrator shall deposit such funds in a segregated account (the "Settlement Account").

Having reviewed the submissions of Settlement Class Counsel, the court finds that the sum of $10,000.00 is reasonable compensation for the services of the Settlement Class Representative in this matter. Ms. Robinson, the Settlement Class

12

Representative, identified the legal claims in this case and pursued them even when facing eviction from her apartment by one of the Defendants when she refused to pay the inflated water bills. She also abandoned her personal claim for wrongful eviction (in apparent violation of law and the terms of her lease) in order to pursue the claims in this class action. She is commended for her determination to see justice prevail. The Settlement Administrator shall pay this sum out of the Settlement Consideration to the Class Representative within ten (10) days of its receipt of the Settlement Consideration, in accordance with Section 1.44 of the Settlement Agreement.

Within forty-five (45) days after the Effective Date, the Settlement Administrator shall mail out Distribution Checks to Final Settlement Class Members who are entitled to receive monetary compensation from the Settlement, in accordance with Section 1.48.1 of the Settlement Agreement.

In accordance with Section 1.48.1 of the Settlement Agreement, all Distribution Checks issued to Final Settlement Class Members shall bear a legend stating that the check is not valid ninety (90) days after the date of issuance. The Settlement Administrator will effect the distribution of the sum of any settlement checks that remain uncashed 150 days after the mailing of the last of the Distribution Checks in accordance with Section 1.49 of the Settlement Agreement. Any charitable distributions

13

made pursuant to Section 1.49 of the Settlement Agreement shall be distributed to the Indigent Person's Attorney Fund and to the North Carolina State Bar for the provision of civil legal services for indigents.

Within thirty (30) days after the date when all other obligations set forth in the Settlement Agreement have been completed, the Parties shall jointly file with the court a notice stating that they have complied with all requirements set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Judgment.

Upon entry of the Final Judgment, the Settlement Class Representative and all Final Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged each Defendant, Madison Woods, LLC, and RealPage of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate in any way to Defendants,' Madison Woods, LLC's, and/or RealPage's conduct, omissions, or duties relating to, based upon, resulting from, or arising directly or indirectly out of the

14

allegations in the Action, <u>except that</u> no release provided herein shall preclude any Settlement Class Member from asserting, or operate as a release of any Settlement Class Member's right to assert, any of the violations of state statutory and common laws as alleged in the Action as a defense or setoff in any claim or action brought against such Settlement Class Member relating to water and/or sewer service at Madison Woods.

Upon entry of this Final Judgment, the Settlement Class Representative and Final Settlement Class Members shall be enjoined from prosecuting any claim against Defendants, Madison Woods, LLC, and/or RealPage that they have released, in any proceeding against Defendants, Madison Woods, LLC, and/or RealPage or based on any actions taken by Defendants that are authorized or required by the Settlement Agreement or by the Final Judgment. The Settlement may be pleaded as a complete defense to any proceeding subject to this section.

Neither this Final Judgment nor the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be (1) construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by the Settlement Class Representative or the Settlement Class as to any lack of merit of the claims in this Action.

15

If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, (a) this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; (b) the Preliminary Approval Order and any other orders entered pursuant to the Settlement Agreement shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion or for any other purpose; and (c) the Settlement Agreement will become null and void and the fact of the Settlement, that Defendants did not oppose the certification of any class under the Settlement, or that the court preliminarily approved the certification of a settlement class, shall not be used or cited thereafter by any person or entity for any purpose, including in any contested proceeding relating to the certification of any class.

Without affecting the finality of this Final Judgment in any way, this court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, as well as other matters related or ancillary to the foregoing.

The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of dismissal with prejudice be, and hereby is, entered as a final and appealable order.

/s/   Thomas D. Schroeder
                                     United States District Judge

August 24, 2020